


# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Shelburne H. Glover
County Attorney
Marion County
Jefferson, Texas

Dear Sir:

Opinion No. O-1085
Re: Can Marion County, through its
Commissioners' Court, expend
county funds to pay or help pay
the salary of a game warden who
has been discharged by the State,
where his services are necessary
for the protection of fish and
game, and to prevent pollution
of fresh waters with refuse oil?

Your letter of recent date, requesting the opinion of this Department on the above question, has been received.

The following cases represent the settled law in Texas pertaining to the authority of Commissioners' Courts.

County Commissioners' Courts have only such authority as is conferred by the Constitution and the statutes. Munn-Warren Publishing Company vs. Hutchinson, County, 48 SW 2nd 051.

Commissioners' Courts may exercise only such powers as are specially conferred on them by the Constitution and the Legislature, Hogg vs. Campbell, 48 SW 2nd 515.

Commissioners' Court can exercise only such powers as the Constitution or the Legislature specifically confers upon them. Landman vs. State, 97 SW 2nd 264.

The Commissioners' Court is a creature of the Constitution, and its powers are limited by the Constitution and the laws. El Paso County vs. Elam, 106 SW 2nd 393.

338


Hon. Shelburne H. Glover, Page 2

County Commissioners' Courts, having limited jurisdiction, may act only within the sphere of powers and duties expressly or impliedly conferred upon them by the State Constitution and the statutes. Howard vs. Henderson County, 116 SW 2nd 479.

The Commissioners' Court is not vested with general police power. Commissioners' Court of Harris County vs. Kaiser, 23 SW 2nd 840.

Also, see the cases of Dobson vs. Marshall, 118 SW 2nd 621; American Surety Co. vs. Hill County, 267 SW 265; Hill County vs. Bryant & Huffman, 264 SW 520; Commissioners' Court vs. Walling, 16 SW 2nd 535; Bland vs. Orr, 39 SW 558; Mills County vs. Lampasas County, 40 SW 404; Baldwin vs. Travis County, 88 SW 484. Also, see Tex. Jur., Vol. 11, pages 563-565, inclusive; Article 5, Section 18 of the Texas Constitution and Article 2351, Revised Civil Statutes of Texas.

Accordingly, the Commissioners' Court of Marion County can expend county funds for the purposes described by you in your letter only if the authority therefor is found in the Constitution or in the statutory enactments of the legislature. We have diligently searched the Constitution and the statutes, and have been unable to find any authority, express or implied, which would authorize this proposed expenditure of county funds by the Commissioners' Court of Marion County.

This has been the uniform holding of this Department on similar questions. For example, it was held by this Department in Opinion No. O-214, to Hon. Truett Smith, District Attorney, Tahoka, Texas, that the Commissioners' Court was without authority to expend county funds for the employment of a special officer to work in four counties for the purpose of apprehending cattle thieves; it was held by this Department in Opinion No. O-591, to Hon. Charles H. Theobald, County Attorney, Galveston, Texas, that the Commissioners' Court of Galveston County, Texas was without authority to expend county funds for the employment of life guards for the Galveston Beach; and in Opinion No. O-1299, to



Hon. John R. Shook, Criminal District Attorney, San Antonio, Texas, that the Commissioners' Court of Bexar County could not legally expend money from any of the Bexar County funds for fire protection from the City of San Antonio for districts outside of the city and in the county.

Your question is, therefore, respectfully answered in the negative.

We remain,

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Wm. J. Fanning*

Wm. J. Fanning
Assistant

By *Zollie C. Steakley*

Zollie C. Steakley

ZCS:AW

APPROVEDNOV 8, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN